REQUESTED BY: Senator Jerry D. Koch Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Koch:
This is in response to your letter of January 28, 1982. In that letter you ask if LB 789 is unconstitutionally vague.
If enacted into operative law, LB 789 would require contract forms for employment of a teacher or administrator for a public school to be approved by the State Department of Education in accordance with the rules of the department. It then states what the rules shall provide.
At the outset, we are troubled by the fact that this legislative bill does not expressly authorize the State Department of Education to promulgate such rules but authorizes the same, if at all, by implication. We are also troubled by the fact that section 1(4) of this legislative bill is somewhat duplicative of Neb.Rev.Stat. § 84-907
(Supp. 1980). While the same does not necessarily render LB 789 unconstitutional, it could cause problems which can only be resolved by litigation and thus, temporarily at least, cause uncertainty in this area of the law.
We also note that this legislative bill states what the rules of the State Department of Education shall provide in connection with contracts of employment of teachers and administrators of public schools. Thus, arguably, any rules the State Department of Education could promulgate pursuant to LB 789 is limited to the matters stated in section 1(1) and 1(2) of this legislative bill. That, of course, raises the question as to the need of administrative rules pertaining thereto.
In summary, we cannot say that this legislative bill is unconstitutionally vague although it may very well be. The authority of the State Department of Education to promulgate administrative rules pursuant thereto is indeed questionable.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Harold Mosher Assistant Attorney General